**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 20 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-35353 |
| Plaintiff - Appellee, | D.C. Nos.    1:09-cv-00111-RFC |
| v. | 1:07-cr-00086-RFC-1 |
| GULMARO TORRES-LEON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Senior District Judge, Presiding

Submitted December 4, 2013[**]
Seattle, Washington

Before: O'CONNOR, Associate Justice (Ret.),[***] and TALLMAN and BEA,
Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Sandra Day O'Connor, Associate Justice (Ret.) for the Supreme Court of the United States, sitting by designation.

Appellant Gulmaro Torres-Leon appeals the denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence for conspiracy to distribute methamphetamine. For the following reasons, we affirm.

1. Montana trial counsel was not ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984) and *Hill v. Lockhart*, 474 U.S. 52 (1985) in failing to pursue a Fifth Amendment double jeopardy defense. The district court correctly found that there was not enough evidence of a single conspiracy to support a reasonable attorney in recommending trial over a guilty plea, especially with the risk of a longer prison sentence. Instead, the evidence showed at least two conspiracies, occurring at different times and in different places, and involving different persons, methods, roles, and acts. *See Arnold v. United States*, 336 F.2d 347 (9th Cir. 1964); *United States v. Ziskin*, 360 F.3d 934 (9th Cir. 2003).

2. Even if trial counsel had erred, Appellant would not meet his burden to prove a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

3. The government did not violate *Brady v. Maryland*, 373 U.S. 83 (1963) when it redacted information from investigation documents. The redacted information did not raise a meritorious double jeopardy defense, and therefore was not sufficiently material or exculpatory to establish a *Brady* claim.

**AFFIRMED.**